IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| STEPHANIE GEASE,<br><br>    *Plaintiff,*<br><br>v.<br><br>JOHNSON & JOHNSON, *et al,*<br><br>    *Defendants.* | Civil Action No. 2:18-cv-935<br><br>Hon. William S. Stickman, IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, District Judge

Plaintiff filed this products liability action in the Court of Common Pleas of Allegheny County, Pennsylvania, on June 25, 2018, and it was timely removed to this Court on July 18, 2018 (ECF No. 1). According to Plaintiff, Defendants Johnson & Johnson, Ethicon, Inc., and Boston Scientific Corporation manufactured an unspecified "mesh" that injured her. *See* Plaintiff's Complaint ("Pl.'s Compl.") (ECF No. 1, Exhibit 3). Defendants have moved for summary judgment arguing that Plaintiff failed to proffer evidence establishing the name of the product or the manufacturer of the product. For the reasons set forth below, Defendants' motions for summary judgment (ECF Nos. 78 and 80) are GRANTED.

### **FACTUAL BACKGROUND**

Plaintiff alleges she was injured by an unspecified "mesh" "designed, manufactured, marketed, packaged, labelled, sold and placed in the stream of commerce" by Defendants.[1] *See* Pl.'s Compl. ¶¶ 6-8. In her Complaint, Plaintiff did not specifically identify which product caused

---

[1] Defendants Ethicon and Johnson & Johnson will be collectively referred to as "Ethicon," and Defendant Boston Scientific Corporation will be referred to as "Boston Scientific."

1

her injury. In fact, she did not mention a single product by name in her Complaint. *See generally* Pl.'s Compl. Pursuant to the June 27, 2019, Case Management Order of the Honorable Peter J. Phipps (ECF No. 57), discovery was permitted related to the identification of the product that allegedly caused injury to Plaintiff. Discovery was to conclude on September 6, 2019, and the parties were directed to submit a joint status report regarding product identification on September 13, 2019. This case was reassigned to the undersigned on August 23, 2019 (ECF No. 65).

Through discovery, Plaintiff did not identify the product at issue. The only information she disclosed to Defendants was, "[m]esh was implanted at Magee Women's Hospital during a hysterectomy procedure." However, review of the medical records from the 1997 hysterectomy procedure that she identified reveal that Plaintiff was not implanted with mesh. Plaintiff produced no evidence about what type of product was allegedly implanted in her and she failed to ascertain if it was a product from any of the Defendants. *See* Ethicon's Memorandum in Support of Summary Judgment (ECF No. 79), ¶¶ 8-11; *see also* Boston Scientific's Memorandum in Support of Summary Judgment (ECF No. 81), pp. 2-3, ¶¶ 4-11.[2] Despite multiple invitations from Defendants, Plaintiff did not offer a statement for the joint status report to the Court regarding product identification filed by Defendants on September 13, 2019 (ECF No. 77). Plaintiff has also chosen not to file a response to Defendants motions for summary judgment.[3]

---

[2] By Order of Judge Phipps, the parties were permitted to incorporate a Statement of Facts section into their Memorandums in support of their Motions to Dismiss in lieu of a separate Concise Statement of Material Facts.

[3] Throughout this lawsuit Plaintiff has shifted between being represented by counsel and proceeding *pro se*. Currently, she is proceeding *pro se*. Plaintiff filed the instant lawsuit represented by Rolf Louis Patberg, Esq. who subsequently died on November 20, 2018. For several months Plaintiff proceeded *pro se*. It was not until May 22, 2019, that Julianne Beil, Esq. and Walter Nalducci, Esq. entered their appearances on Plaintiff's behalf (ECF Nos. 46 & 47). Attorneys Beil and Nalducci were permitted to withdraw on September 12, 2019, as they represented that they could not move forward with the case.

## STANDARD OF REVIEW

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided in order to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255. It refrains from making credibility determinations or weighing evidence. *Id.* "Real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof," will defeat a motion for summary judgment. *El v. Se Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

## ANALYSIS

Under Pennsylvania law, a products liability cause of action does not exist if Plaintiff cannot identify the product and manufacturer of the product that caused her alleged injury. *See Lilley v. Johns-Manville Corp.*, 596 A.2d 203, 207 (Pa.Super. 1991), *appeal denied*, 607 A.2d 254 (Pa. 1992); *see also Eckenrod v. GAF Corporation*, 544 A.2d 50 (Pa.Super. 1988), *appeal denied*, 553 A.2d 963 (Pa. 1988). Plaintiff has the burden of demonstrating that Ethicon or Boston Scientific is responsible for the harm alleged. *See Berkebile v. Brantley Helicopter Corp.*, 337 A.2d 893 (Pa. 1975), *abrogated on other grounds. See also Warnick v. NMC-Wollard, Inc.*, 512 F.Supp.2d 318, 330 (W.D. Pa. 2007) (A "plaintiff [under Pennsylvania law] must establish that the injuries sustained were caused by the product of a particular manufacturer or supplier." (citation omitted)); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990) (same).

Plaintiff has failed to provide evidence that Ethicon or Boston Scientific are the manufacturers of the product that allegedly caused her harm. She has also failed to identify the specific brand of mesh at issue. While the Court is sympathetic to Plaintiff's condition, she has not met her burden to maintain a medical device products liability action under Pennsylvania law. Even after an opportunity for full discovery on product identification, her claims remain nothing more than unsupported allegations. There is no genuine dispute of material fact and no reasonable jury could find in favor of Plaintiff. *See N.A.A.C.P. v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." (citation omitted)). Accordingly, the Court dismisses Plaintiff's claims with prejudice.

## CONCLUSION

AND NOW, this 29th day of October 2019, IT IS HEREBY ORDERED that Defendants' motions for summary judgment (ECF Nos. 78 and 80) are GRANTED. All of Plaintiff's claims are dismissed with prejudice.

**WILLIAM S. STICKMAN IV**
**UNITED STATES DISTRICT JUDGE**